*340 OPINION.
Smith :
The only question to be determined in these proceedings is whether the dividends received by the petitioners in 1935 from the Badger Oil Co. were liquidating dividends, as the petitioners contend, or ordinary dividends, as the respondent contends. The pertinent provisions of the statute are found in section 115 of the Revenue Act of 1934, which provides in part as follows:
SEO. US. DISTRIBUTIONS BT CORPORATIONS.
(a) Definition of Dividend. — The term “dividend” when used in this title * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.
(b) Source of Distributions. — For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. * * *
(c) Distributions in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, * * *
[[Image here]]
(i) Definition of Partial Liquidation. — As used in this section the term “amounts distributed in partial liquidation” means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.
Dividends paid by the Badger Oil Co. in 1935 were designated as liquidating dividends in the resolutions of the stockholders and directors by which they were authorized. But the name by which they are called does not determine their character. That is a question of fact to be determined from all of the circumstances. Gossett v. Commissioner, 59 Fed. (2d) 365, affirming 22 B. T. A. 1279; Edward S. Bacharach, 29 B. T. A. 282; Rollestone Corporation, 38 B. T. A. 1093. In Fred T. Wood, 27 B. T. A. 162, we said:
* * * Liquidation has been defined as the operation of winding up the affairs of a corporation by realizing upon its assets, paying its debts and appropriating the amount of its profit or loss. W. E. Guild., 19 B. T. A. 1186, and eases there cited. It differs from the normal operation of the corporation for current profit in that it ordinarily results in the winding up of the corporation’s affairs. There must be a manifest intention to liquidate, a continuing purpose to terminate its affairs and dissolve the corporation, and its activities must be directed and confined thereto. It contemplates an impairment of capital or a retirement of outstanding stock, though a distribution, if one of a series of *341 distributions in liquidation may be a liquidating dividend even if it, of itself, does not impair capital. Liquidation can not be brought about by mere declaration, and tbe question of whether a corporation is in liquidation is therefore one of fact. See W. E. Guild, supra; James P. Gossett, 22 B. T. A. 1279; affd., 60 Fed. (2d) 484; Martha Briggs Phelps, 20 B. T. A. 866; affd., 54 Fed. (2d) 289; E. G. Perry, 9 B. T. A. 796; Milton Tootle, Jr., 20 B. T. A. 892.
By section 22 (a) of the Revenue Act of 1934 “gross income” is defined as including gains, profits and income derived from “dividends” or “from any source whatever.” By section 115 (a) the term “dividend” is defined as “any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.” We can not doubt from the evidence of record in these proceedings that the dividends paid by the Badger Oil Co. in 1935 were out of earnings or profits. The evidence is to the effect that after the payment of these dividends the Badger Oil Co. had assets for which it had refused offers of more than the par value of the shares of stock outstanding; and there is no evidence that the fair market value of the assets paid in for the shares of stock at the time of the organization of the corporation was in excess of the par value of its shares. Therefore, the denomination of the dividends paid in 1935 as liquidating dividends is immaterial. The corporation was not in liquidation in 1935. The recipients of the dividends are taxable upon the amounts received as upon the receipt of ordinary dividends.

Decisions will be entered for the respondent.